IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LADERIAN McGHEE,

                                                                                                          OPINION and ORDER

                Plaintiff,

                                                                                                            15-cv-258-bbc

     v.

DALIA SULIENE, KAREN ANDERSON,
and KEN ADLER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Laderian McGhee is proceeding on the following claims: (1) defendants Dalia Suliene and Karen Anderson refused to change plaintiff's seizure medication or refer him to a specialist, in violation of the Eighth Amendment and state negligence law; and (2) defendant Adler reduced the dosage of plaintiff's medication, in violation of the Eighth Amendment and state negligence law. Two motions are before the court: (1) defendants' motion for partial summary judgment on the ground that plaintiff did not exhaust his administrative remedies with respect to his claim against defendant Adler, dkt. #28; and (2) plaintiff's motion for assistance in recruiting counsel, dkt. #41. For the reasons explained below, I am granting both motions.

1

OPINION

A. Exhaustion

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. In Wisconsin, the administrative code sets out the process for a prisoner to file a grievance and appeal an adverse decision. Wis. Admin. Code. § DOC 310.07 (prisoner first files grievance with inmate complaint examiner; prisoner may appeal adverse decision to corrections complaint examiner and then to department secretary).

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, the court must dismiss the case. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). However, defendants have the burden to prove that plaintiff did not exhaust his administrative remedies. Jones v. Bock, 549 U.S. 199 (2007).

Defendants' motion for summary judgment is limited to plaintiff's claim that defendant Adler violated the Eighth Amendment and state negligence law by reducing the dose of his seizure medication in May 2012. Thus, I need not consider whether plaintiff exhausted his administrative remedies with respect to his claims against defendants Suliene and Anderson.

Defendants argue that plaintiff simply failed to file any grievances about his claim against defendant Adler. They rely on the declaration of a record custodian, who avers that she reviewed the grievances that plaintiff filed between May 2012 and December 2012 and none of them relate to an alleged decrease in the dose of plaintiff's seizure medication and none of them mention defendant Adler. Dkt. #30, ¶¶ 6-8.

In response, plaintiff points to a grievance that he filed the following year, in May 2013. That grievance included the following language:

> "HSU Staff" refuses to allow me to be seen by a neurologist or seizure specialist for my repeated seizures and headaches.
>
> Information only: I hit my head during a seizure back in 5-15-2012, and after being seen by a doctor at HSU, I was diagnosed as having post-traumatic head trauma. I have never been seen by a neurologist or seizure specialist since!!

Dkt. #38-1.

Plaintiff says the "doctor" he mentioned in the grievance is defendant Adler, but that does not help plaintiff because the subject matter of the grievance is about a refusal to refer plaintiff to a specialist, not a decision to change plaintiff's medication. A grievance must "alert[ ] the prison to the nature of the wrong for which redress is sought." Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). Without that type of notice, prison officials do not have

3

an opportunity to resolve the problem. Because plaintiff does not identify any grievance in which he complained about defendant Adler or anyone else reducing the dose of his seizure medication, he did not comply with § 1997e(a) as to this claim.

Plaintiff raises an alternative argument that he discussed his claim against defendant Adler in his notice of claim. However, § 1997e(a) requires the prisoner to comply with *prison* grievance rules. Pozo, 286 F.3d at 1024. Thus, the information provided in a notice of claim required by a state statute is not relevant. Accordingly, I am granting defendants' motion for partial summary judgment.

B. Counsel

Under 28 U.S.C. § 1915(e)(1), a district court may assist a pro se litigant in recruiting counsel if the litigant is indigent, if he has made reasonable attempts to find counsel on his own, Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992), and if the complexity of the case exceeds his ability to litigate. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This court found in previous orders that plaintiff was indigent and made reasonable efforts to find a lawyer on his own. Dkt. ##6 and 35. Further, I am persuaded that the complexity of the case exceeds plaintiff's abilities to litigate on his own. Plaintiff's claims against defendants Suliene and Anderson involve a series of medical decisions regarding a chronic condition. Under similar circumstances, the Court of Appeals for the Seventh Circuit has found that court assistance in recruiting counsel is appropriate. Nally v. Ghosh, 799 F.3d 756, 758-59 (7th Cir. 2015); Perez v. Fenoglio, 792 F.3d 768, 784-85 (7th Cir.

2015); Henderson v. Ghosh, 755 F.3d 559, 566 (7th Cir. 2014).  Now that the issue of exhaustion has been resolved and it is likely that the court or a jury will have to decide the merits of the case, I will grant plaintiff's request for assistance in recruiting counsel.

ORDER

IT IS ORDERED that

1.  The motion for partial summary judgment filed by defendants Ken Adler, Dalia Suliene and Karen Anderson, dkt. #28, is GRANTED.  Plaintiff Laderian McGhee's complaint is DISMISSED as to defendant Adler.  The case will proceed against defendants Suliene and Anderson.

2.  Plaintiff's motion for assistance in recruiting counsel, dkt. #41, is GRANTED. All remaining deadlines are STRICKEN pending recruitment of counsel for plaintiff.  If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to set a new schedule.

Entered this 11th day of March, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge