IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LADERIAN McGHEE,

                                                                                                                                                  ORDER

                          Plaintiff,

                                                                                                                                               15-cv-258-bbc

           v.

DALIA SULIENE and KAREN ANDERSON,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Laderian McGhee is proceeding on a claim that defendants Dalia Suliene and Karen Anderson refused to change his seizure medication or refer him to a specialist, in violation of the Eighth Amendment and state negligence law. In an order dated March 11, 2016, dkt. #44, I concluded that plaintiff was entitled to assistance in recruiting counsel because the complexity of the case exceeded plaintiff's litigation abilities.

Jon Anderson of the law firm Godfrey & Kahn, S.C. has agreed to represent plaintiff, with the understanding that he will serve with no guarantee of compensation for his services. For counsel's information, I have attached the procedures regarding the court's pro bono fund, which allow limited reimbursement for some litigation expenses.

It is this court's intention that the scope of representation extends to proceedings in this court only. "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a Notice of Appeal, if appropriate, and ensuring that all steps are

1

taken to transfer the record to the Court of Appeals for the Seventh Circuit.

Additionally, the court intends the scope of representation to be limited to litigating plaintiff's current claims. It is unnecessary for counsel to file an amended complaint or otherwise relitigate matters already completed. Counsel should focus on doing what is necessary to prepare the case for trial or any possible motions for summary judgment. If counsel believes that he needs to file an amended complaint, he will have to meet the requirements of Fed. R. Civ. P. 15.

Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with counsel and permit counsel to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them. If plaintiff decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit another set lawyer to represent him.

If the parties believe that mediation could help resolve their disputes, they may contact the clerk of court, Peter Oppeneer, for assistance.

ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference

before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the proceedings in this lawsuit.

Entered this 23d day of March, 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

## Western District of Wisconsin Bar Association Pro Bono Fund, Inc.

## Procedures for Reimbursement of Expenses to Court-Recruited Counsel

### BACKGROUND

From time to time, the judges of the Western District of Wisconsin have found it appropriate to recruit attorneys to represent litigants in civil cases who would otherwise appear pro se. The Western District of Wisconsin Bar Association Pro Bono Committee has assisted the Court in finding attorneys who will take such cases on a pro bono basis.

The Western District Bar Association has created a fund for reimbursing attorneys for at least a portion of the out-of-pocket costs associated with court-approved pro bono representation.

In early 2009, officers and members of the Board of Governors of the Western District Bar Association incorporated the Western District of Wisconsin Bar Association Pro Bono Fund, Inc. (the Pro Bono Fund). The Board of Directors of the Pro Bono Fund consists of the members of the Board of Governors of the Western District Bar Association and the Chair of the Western District Bar Association's Pro Bono Committee.

The Pro Bono Fund has been approved as a tax exempt public charity under section 501(c)(3) of the Internal Revenue Code and, therefore, contributions are tax deductible under section 170 of the Internal Revenue Code. In addition to private contributions, the Pro Bono Fund is funded by a *pro hac vice* admission fee collected by the Court.

### PROCEDURES FOR REIMBURSEMENT OR
### PREPAYMENT OF EXPENSES FROM THE PRO BONO FUND

1.  Any attorney representing an indigent party in a civil case at the request of the Court is eligible to seek reimbursement, or prepayment, of expenses reasonably incurred in the representation.

2.  Only expenses associated with the litigation of a civil action in the United States District Court for the Western District of Wisconsin are eligible for reimbursement or prepayment. No costs associated with an appeal to the United States Court of Appeals or the United States Supreme Court will be prepaid or reimbursed. In addition, reimbursement or prepayment of expenses from the Pro Bono fund is not available where an attorney qualifies for reimbursement under the Criminal Justice Act, 18 U.S.C. § 3006A.

3.  The default maximum reimbursement is $4,000.00. All payments from the fund require approval of the Court.

4. Requests shall be made to the Court on an *ex parte basis* for either prepayment or reimbursement. Requests for prepayment of expenses may be made at any time during the course of the representation. Requests for reimbursement of expenses already paid shall be made

at any time during the representation or within 60 days following the entry of judgment or after entry of an order allowing an attorney to withdraw. The "Request for Prepayment or Reimbursement of Expenses" form, available on the Court's website, must include appropriate documentation, or an explanation for the requested reimbursement. In cases where expenses have been prepaid, documentation that the prepaid funds have been disbursed must be provided to the Clerk of the Court no later than 60 days following entry of judgment in the proceedings or entry of an order permitting the attorney to withdraw.

5. Requests for prepayment or reimbursement above the default maximum shall be made to the Court in the manner described in paragraph 4. However, such requests shall also require an additional written approval from the Chair of the Pro Bono Committee, whose approval or disapproval of the request will be based on the Chair's assessment of the Fund's sufficiency to pay all approved requests as they come in.

6. The attorney requesting payment from the Pro Bono fund will provide a copy of the Court's order authorizing the prepayment or reimbursement of expenses to the Chair of the Western District Bar Association's Pro Bono Committee and to the Treasurer of the Pro Bono Fund, whereupon (subject to approval of the Chair if required by paragraph 5) the Treasurer of the Pro Bono Fund will process a check for prepayment or reimbursement, subject to the availability of funds.

7. Nothing in these procedures precludes an attorney recruited to represent an indigent party from seeking a fee for work performed in connection with the appointment where a recovery is obtained for the indigent party or where the laws permits fee shifting against the opposing party.

## EXPENSE GUIDELINES

The approval of any request for prepayment or reimbursement of expenses—up to the $4,000.00 default maximum amount established by the Pro Bono Fund—will be left to the discretion of the Court based on the following guidelines:

1. The cost of depositions and/or transcripts will follow the copy rate as established by the Judicial Conference of the United States in effect at the time any transcript or deposition was filed.

2. Travel by privately owned automobile may be claimed at the rate prescribed by the Internal Revenue Service, plus related transportation expenses. Transportation other than by privately owned automobile may be claimed as actually incurred pursuant to the limitations placed on travel and subsistence expenses of federal judiciary employees.

3. The fees for service of papers, the appearances of witnesses and the cost of interpreter services that are not otherwise avoided, waived, or recoverable may be reimbursed from the Pro Bono Fund at the going government rate.

4.      Actual out-of-pocket expenses incurred for the preparation of a case may be prepaid or reimbursed from the Pro Bono Fund. Examples of expenses include photocopying services, photographs, telephone toll calls, overnight delivery, and faxes.

5.      General office expenses and overhead are not reimbursable from the Pro Bono Fund.

6.      The Pro Bono Fund cannot be used to pay for costs or fees taxed as part of a judgment obtained by an adverse party against an indigent party.

7.      The Court may reject reimbursement or prepayment of an expense if it is determined that appointed counsel did not pursue a reasonable course of recovery of expenses, or upon the absence of documentation that an expense is appropriate, reasonable, and actually incurred.