IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LADERIAN McGHEE,

                            Plaintiff,

    v.

DALIA SULIENE and KAREN ANDERSON,

                            Defendants.

ORDER

15-cv-258-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Prisoner Laderian McGhee is proceeding on a claim that defendants Dalia Suliene and Karen Anderson refused to change his seizure medication or refer him to a specialist, in violation of the Eighth Amendment and state negligence law. Defendants have filed a motion to dismiss the case on two grounds: (1) plaintiff included false statements in his request to proceed in forma pauperis; and (2) this case is barred by a settlement agreement in a previous case. Dkt. #59.

      I see little merit to defendants' contention regarding the preclusive effect of the settlement agreement. That agreement comes from McGhee v. Suliene, No. 13-cv-67-bbc (W.D. Wis.), which involved a claim for an alleged failure to treat plaintiff for problems with his shoulder. Because the agreement is limited to claims arising "out of the events" of the previous lawsuit, Dkt. #61-1, a claim involving a distinct medical condition would not be barred. Defendants do not suggest that plaintiff's seizures are related in any way to his

1

shoulder problems. In their reply brief, defendants say that both lawsuits seek "compensation for the same injuries," dkt. #67 at 10, but they do not explain how compensation for shoulder pain could address injuries caused by seizures.

Defendants' other argument raises a more substantial question. Lying to the court is a serious matter and may result in a dismissal of the case. E.g., Hoskins v. Dart, 633 F.3d 541, 543 (7th Cir. 2011) (affirming district court's dismissal of case when prisoner plaintiff lied about his litigation history); Ammons v. Gerlinger, 547 F.3d 724, 725 (7th Cir. 2008) (dismissing appeal for plaintiff's failure to disclose that he did not qualify for pauper status).

In their opening brief, defendants say that plaintiff lied to the court when he submitted his request to proceed in forma pauperis because he stated that he had no source of income other than gifts of up to $30 from his family, dkt. #2, even though he had just received a $5000 settlement in case no. 13-cv-67-bbc. In response, plaintiff submits a declaration in which he says that he believed that all the money from the settlement would go to his mother, who was the actual recipient of the settlement check, and that he did not learn until April 29, 2016, one day after he mailed his request to proceed in forma pauperis, that his mother had sent him $700 from the settlement. Dkt. #65.

In their reply, defendants say that plaintiff's account cannot be true. They cite documents showing that plaintiff had only $18.76 in his account before he received the money from his mother and that he purchased $80 in canteen items on April 27, 2016 and placed an order with a third-party vendor for $144 on April 28, 2016. Dkt. ##68-3, 68-4 and 68-5.

These documents are compelling evidence that plaintiff did not provide accurate financial information to the court. However, plaintiff has not had an opportunity to respond to the documents, so I will allow him to do so now. In his response, plaintiff should state whether he denies that the evidence cited by defendants shows that he knew no later than April 27, 2016, that he had received money from his mother. If he denies that he knew, he should explain why he does not believe defendants' evidence is dispositive and cite any relevant evidence of his own. If he does not dispute the evidence and he wishes to proceed with this case, he should (1) show cause why the case should not be dismissed as a sanction; and (2) identify what he believes an appropriate sanction should be.

ORDER

IT IS ORDERED that plaintiff Laderian McGhee may have until April 6, 2016, to file a surreply in which he addresses the issues discussed in this order. If plaintiff does not respond by April 6, 2016, I will treat Cynthia Neuhauser's February 15, 2016 declaration and attached documents, dkt. #68, as undisputed for the purpose of deciding defendants Dalia Suliene's and Karen Anderson's motion to dismiss.

Entered this 22d day of March, 2017.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge