IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LADERIAN McGHEE,

                Plaintiff,

v.

DALIA SULIENE and KAREN ANDERSON,

                Defendants.

OPINION AND ORDER

15-cv-258-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff and prisoner Laderian McGhee is proceeding on a claim that healthcare staff at the Columbia Correctional Institution failed to provide him adequate medical treatment for his seizures, in violation of the Eighth Amendment and state negligence law. Defendants Dalia Suliene and Karen Anderson have not sought summary judgment on the merits, but they ask the court to dismiss the case on two procedural grounds. Dkt. #59.

First, they say that, when plaintiff submitted his request to proceed in forma pauperis nearly two years ago, he lied about his financial status. Second, they say that plaintiff's claim in this case is barred by the settlement agreement in McGhee v. Suliene, No. 13-cv-67-bbc (W.D. Wis.).

Although defendants missed the deadline for filing dispositive motions and they did not explain why they waited so long to file a motion that they could have filed as early as August 2015, Magistrate Judge Stephen Crocker allowed briefing on the motion and plaintiff

1

did not object to the timeliness of the motion in his opposition brief. Dkt. #63. Accordingly, I do not consider whether defendants' motion is untimely.

In an order dated March 22, 2017, dkt. #72, I rejected defendants' second argument because the settlement agreement in case no. 13-cv-67-bbc was limited to issues related to plaintiff's shoulder. However, I deferred a decision regarding plaintiff's alleged misrepresentation because defendants had cited new evidence in their reply brief and I gave plaintiff an opportunity to respond.

Now that I have reviewed all of the parties' submissions, I conclude that defendants have failed to show that plaintiff engaged in sanctionable conduct. Accordingly, I am denying the motion to dismiss.

OPINION

Defendants' request for sanctions has two prongs. First, defendants say that dismissal of the case is *required* because plaintiff made a false claim of poverty in his request to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."). Second, defendants say, even if plaintiff qualifies for pauper status under § 1915, the court should exercise its discretion to dismiss this case as a sanction because plaintiff's affidavit of indigency contains a false statement.

In their opening brief, defendants alleged that plaintiff under-reported his assets by $5000, which was the amount of the settlement he received in case no. 13-cv-67-bbc.

Although they acknowledged that $5000 generally is not enough to lift someone out of pauper status, they argued that prisoners are different from most litigants because the state pays for most of their living expenses. Alternatively, defendants argued that a false statement in an affidavit of indigency is still an appropriate ground for dismissal under the court's inherent authority, even if dismissal is not required by § 1915(e)(2)(A).

In his opposition brief and supporting declarations, plaintiff denied that he had made false statements in his affidavit of indigency. First, he acknowledged that he settled case no. 13-cv-67-bbc for $5000 and that he did so so before he submitted his financial information for this case to the court. However, he said he was not supposed to receive that settlement. Rather, as shown by a letter submitted from defense counsel in the earlier case, dkt. #65-1, the settlement check was written sent to his mother. Both plaintiff and his mother averred that their intent was for the money to be used for a debt his mother owed and expenses for plaintiff's daughter. Dkt. #65, ¶ 7; dkt. #66, ¶¶ 3-5.

The potential problem with plaintiff's story is that he received two electronic transfers from his mother—one for $300 and one for $400—around the same time that he sent his financial information to the court, but he included neither of those deposits in his affidavit of indigency. Plaintiff's explanation for that is that, at the time he sent his financial information to the court, he was not aware that he would be receiving those deposits.

Timing is key. Plaintiff says he mailed his financial information to the court on April 28, 2015, dkt. #65, ¶ 14, but he did not know about the deposits to his account until he received receipts from prison staff, which occurred on April 29, 2015, and May 3, 2015.

3

(Neither plaintiff nor defendants provided copies of those receipts to the court.) Both plaintiff and his mother aver that she did not tell plaintiff in advance that she would be sending him that money. Dkt. #65, ¶ 11; dkt. #66, ¶ 6.

If this account is true, plaintiff did not engage in any sanctionable conduct. Although defendants suggest that plaintiff gave money to his mother to avoid paying his filing fee, they cite no evidence for that view. They also cite no authority for the view that plaintiff should have reported a settlement he did not believe he was going to receive.

Defendants do not argue that plaintiff was required to amend his financial disclosures if he did not learn about the deposits until after he sent his information to the court. I see no reason why he would have been required to do so. The court's financial form that plaintiff completed does not instruct the prisoner to amend his financial information if his circumstances change after he mails the form to the court. Further, if plaintiff had informed the court about the deposits, that information would not have changed anything. A deposit of several hundred dollars would not be enough to disqualify a prisoner from proceeding in forma pauperis. Although that amount of money could make a difference in calculating a prisoner's initial partial payment of the filing fee, the court does not rely on a prisoner's self-reporting when making that calculation. Rather, the court relies on the prisoner's trust fund account statement from the previous six months, a document prepared by prison staff. In this case, plaintiff submitted his trust fund account statement with his affidavit of indigency, so it did not include more recent information. Dkt. #4.

Defendants' primary argument in their reply brief is that plaintiff is lying when he

says that he was not aware of the new deposits when he sent his financial information to the court. They cite no documentary evidence showing that plaintiff received notice of the new deposits before he submitted his financial information to the court and they do not dispute plaintiff's averment that he did not receive receipts for the new deposits until after he submitted his financial information. However, they rely on purchases he made around the same time as circumstantial evidence of what he knew. In particular, they cite documents showing that plaintiff had only $18.76 in his account before he received the money from his mother, but that he purchased $80 in canteen items on April 27, 2016 and placed an order with a third-party vendor for $144 on April 28, 2016. Dkt. ##68-3, 68-4 and 68-5. (The documents do not identify what the items were and defendants do not otherwise provide the missing information.) Defendants say that plaintiff would not have made those purchases unless he knew that more money was coming. Because defendants had not included this evidence with their opening brief, I gave plaintiff an opportunity to respond.

In a declaration accompanying his surreply brief, plaintiff acknowledges that he placed the orders that defendants cited, but he stands by his previous testimony that he did not know that he was going to be receiving any additional money at the time he placed the orders. Rather, he avers that, on April 26 or 27, 2015, he told his father that he needed money to purchase several items. Dkt. #74, ¶ 5. (Plaintiff does not identify what the items were.) Plaintiff's father told plaintiff to "go ahead and place the orders and he would see what he could do about getting [plaintiff] money." Id. at ¶ 6. Plaintiff was skeptical of his father's representation because his father "has failed to follow through on his promises time-

5

and-time again," id. at ¶ 12, but plaintiff decided to place the orders anyway because he "had nothing to lose by placing the orders. Either way, [he] would still receive $18.76 in canteen items, which is the amount [he] knew [his] trust account contained." Id. at ¶ 14. Because of the uncertainty about whether his father would give him the money, he decided not to disclose any potential gift on his affidavit of indigency. Id. at ¶ 15.

Although plaintiff's explanation may leave some room for doubt, I conclude that defendants have not met their burden to show that plaintiff has engaged in sanctionable conduct. Perhaps one could argue that if plaintiff was confident enough to make a purchase, he should have been confident enough to disclose the additional funds on his affidavit of indigency. However, it is one thing to say that plaintiff should have erred on the side of disclosure; it is quite another to say that plaintiff's case should be dismissed as a sanction because he failed to do so. Defendants have not submitted any evidence that plaintiff actually knew that he had received additional money by the time he mailed his financial information. I decline to hold that a prisoner must anticipate money that he may receive in the future or risk dismissal of his claims.

In sum, the evidence defendants have submitted does not show that plaintiff made false statements in his affidavit of indigency. Accordingly, I am denying defendants' motion to dismiss.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Dalia Suliene and Karen Anderson, dkt. #59, is DENIED.

Entered this 12th day of April, 2017.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge